

1   LOCKE LORD BISSELL & LIDDELL LLP
2   John M. Hochhausler (SBN: 143801)
    jhochhausler@lockelord.com
3   Nina Huerta (SBN: 229070)
    nhuerta@lockelord.com
4   Amber L. Harley (SBN: 245060)
    aharley@lockelord.com
5
6   300 South Grand Avenue, Suite 2600
    Los Angeles, California 90071-3119
7   Telephone: (213) 485-1500
8   Facsimile: (213) 485-1200

9   Attorneys for Defendant
10  SAXON MORTGAGE SERVICES, INC.

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

15          CV08-06553   GW (AGRx)

16  MARIO HERMOSILLO,              )   CASE NO.
                                   )
17              Plaintiff,         )   **DEFENDANT SAXON**
                                   )   **MORTGAGE SERVICES, INC.'S**
18                                 )   **NOTICE OF REMOVAL**
19      vs.                        )
                                   )   **28 U.S.C. §§ 1441, 1446 & 1331**
20  T.D. SERVICING COMPANY, SAXON )
21  MORTGAGE SERVICES, INC., and   )   [Superior Court of California, County
    DOES 1-50, inclusive,          )   of Los Angeles - Northwest District,
22                                 )   No. LC082604]
23              Defendants.        )
                                   )   Complaint Filed: September 5, 2008
24                                 )
25                                 )
                                   )
                                   )
    ///
    ///
28

                              1
            DEFENDANT'S NOTICE OF REMOVAL

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

CONFORM COPY

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND TO

2  THEIR ATTORNEYS OF RECORD:

3      Defendant Saxon Mortgage Services, Inc. ("Defendant" or "Saxon") pursuant to

4  28 U.S.C. §§ 1441, 1446 and 1331 hereby removes this action from the Superior

5  Court of California, County of Los Angeles - Northwest District, to the United States

6  District Court for the Central District of California, and states as follows:

**STATEMENT OF THE CASE**

7

8      1.      On September 5, 2008, an action was commenced in the Superior Court

9  of California, County of Los Angeles - Northwest District, styled *Mario Hermosillo v.*

10  *T.D. Servicing Company, et al.*, Case No. LC082604 (the "State Court Action").

11      2.      This Notice of Removal is being filed within 30 days of the filing of the

12  Complaint and, thus, within 30 days of the date Saxon became aware of the State

13  Court Action.  Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

14      3.      The Complaint purports to assert three causes of action, identified and/or

15  generally alleged as follows: (1) unfair debt collection practices; (2) predatory lending

16  practices; and (3) RICO violations.

17      4.      The unfair debt collection practices cause of action asserts the following

18  statutory violations:

19          (a) violation of California's Rosenthal Fair Debt Collection Practices Act,

20  including, but not limited to, California Civil Code § 1788(e) and (f);

21          (b) violation of the Federal Fair Debt Collections Act, 15 U.S.C. §§ 1692

22  *et seq.*; and

23          (c) violation of the Real Estate Settlement Procedures Act ("RESPA"),

24  12 U.S.C. §§ 2601-2617.

25      5.      The predatory lending practices cause of action asserts the following

26  statutory violations:

27  ///

28  ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

2

DEFENDANT'S NOTICE OF REMOVAL

1         (a) violation of the Home Ownership and Equity Protection Act

2  ("HOEPA"), 15 U.S.C. § 1637;

3         (b) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601;

4  and

5         (c) violation of the Federal Trade Commission Act ("FTC Act"), 15

6  U.S.C. §§ 41-58.

7       6.    Finally, the RICO violations cause of action asserts the following

8  statutory violations: 18 U.S.C. §§ 1961 *et seq.*

9

10                      **JURISDICTION**

11                    **FEDERAL QUESTION**

12       7.    This Court has jurisdiction over this matter under 28 U.S.C. § 1331

13  because Plaintiff's claims arise under the laws of the United States.  The Supreme

14  Court has held that "a case 'arose under' federal law where the vindication of a right

15  under state law necessarily turned on some construction of federal law." *Franchise*

16  *Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983).  Here,

17  Plaintiff alleges direct violations of the Federal Fair Debt Collections Act, RESPA,

18  HOEPA, TILA, the FTC Act and RICO and seeks remedies purportedly pursuant to

19  these federal statutes. (Compl. ¶¶ 20, 23, 26, and at p. 6).  Accordingly, the matter

20  turns upon federal questions, and this Court has jurisdiction.

21       8.    Upon information and belief, T.D. Servicing Company has not been

22  served and therefore its consent is not required. *Emrich v. Touche Ross & Co.*, 846

23  F.2d 1190, 1193 n.1 (9th Cir. 1988) (the requirement for consent applies "only to

24  defendants properly joined and served in the action.")

25       9.    Accordingly, all properly served and joined defendants, excluding

26  nominal, unknown, and fraudulently joined parties, have consented to this Notice of

27  Removal.

28  ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

DEFENDANT'S NOTICE OF REMOVAL

1    10.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a) and 1441(a)

2  because the United States District Court for the Central District of California, is the

3  federal judicial district and division embracing the Superior Court of California for the

4  County of Los Angeles where the State Court Action was originally filed.

5    11.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the

6  process, pleadings, and orders on file in the State Court Action or served on

7  Defendants Saxon or T.D. Servicing Company are attached hereto as *Exhibit 1*.

8                              **CONCLUSION**

9    By this Notice of Removal and the associated attachments, Saxon does not

10  waive any objections that it may have as to service, jurisdiction or venue, or any other

11  defenses or objections it may have to this action.  Saxon intends no admission of fact,

12  law or liability by this Notice, and expressly reserves all defenses, motions and/or

13  pleas.  Saxon prays that the Action be removed to this Court, that all further

14  proceedings in state court be stayed, and that Saxon receive all additional relief to

15  which it is entitled.

16

17  Dated:  October 6, 2008              Respectfully submitted,

18                              LOCKE LORD BISSELL & LIDDELL LLP

19

20                      By: _____

21                              John M. Hochhausler
                              Nina Huerta
22                              Amber L. Harley
                              Attorneys for Defendant
23                              SAXON MORTGAGE SERVICES, INC.

24

25  LA 609001v.1

26

27

28

*Locke Lord Bissell & Liddell LLP*
*300 South Grand Avenue, Suite 2600*
*Los Angeles, CA 90071*

DEFENDANT'S NOTICE OF REMOVAL

**EXHIBIT 1**

MV 14:55AM.III - 9/7/2008 11:56:41 AM



**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
T.D. SERVICING COMPANY, SAXON MORTGAGE SERVICES, INC., and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARIO HERMOSILLO

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ORIGINAL FILED**
Northwest District
SEP 05 2008
LOS ANGELES
SUPERIOR COURT

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>Northwest District<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | CASE NUMBER:<br>*(Número del Caso):*<br>**LC082604** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Homan Mobasser, Esq. (Bar # 251426)
MW Roth, PLC
13245 Riverside Drive, Suite 510, Sherman Oaks, CA 91423

Phone No.: (818) 989-7888
Fax No.: (323) 372-3547

DATE: SEP 05 2008    Clerk, by _____ JOHN A. CLARKE, Deputy
*(Fecha)*    *(Secretario)*    TATYANA BETS *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)

   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

LexisNexis® Automated California Judicial Council Forms

Exhibit 1, Pg. 5

COPY

Mitchell W. Roth, SBN 77962
Homan Mobasser, Esq., SBN 251426
M.W. ROTH, P.L.C.
13245 Riverside Drive, Suite 510
Sherman Oaks, CA 91423
Telephone: (818) 989-7888
Fax: (323) 372-3547

Attorney for Plaintiff

ORIGINAL FILED
Northwest District

SEP 05 2008

LOS ANGELES
SUPERIOR COURT

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NORTHWEST DISTRICT

LC082604

| | |
|---|---|
| MARIO HERMOSILLO, | Case No.: |
|     Plaintiff, | |
| vs. | COMPLAINT FOR: |
| T.D. SERVICING COMPANY, SAXON MORTGAGE SERVICES, INC., and DOES 1 – 50, inclusive, | 1.  UNFAIR DEBT COLLECTION PRACTICES<br>2.  PREDATORY LENDING PRACTICES<br>3.  RICO VIOLATIONS |
|     Defendants. | [Unlimited Jurisdiction Case] |

# BY FAX

### AS TO ALL CAUSES OF ACTION

1. Plaintiff, MARIO HERMOSILLO, is a natural person.

2. Defendant, T.D. SERVICING COMPANY, is a business entity, the form unknown to Plaintiff, that is the Trustee named in Exhibit 1, and Defendant, SAXON MORTGAGE SERVICES, INC., is the natural person or entity that has directed and is directing said Trustee to proceed under a power of sale to foreclose.

///

-1-

COMPLAINT

Exhibit _1_, Pg. _6_

3. Attached to the complaint as Exhibit 1 is a certain Notice of Sale, which has been issued by Defendant, T.D. SERVICING COMPANY at the instance of Defendant, SAXON MORTGAGE SERVICES, INC..

4. Does 1 – 50 persons or entities that are unknown to Plaintiff. Their capacities are unknown. Plaintiff alleges that they are in some way involved in the actions complained of herein as either independent actors, or as agents or principals of the other named defendants. Plaintiff will amend this complaint to allege their true identities, capacities and roles as and when they are ascertained.

5. Plaintiff is informed and believes, and thereupon alleges, that Defendants, T.D. SERVICING COMPANY, SAXON MORTGAGE SERVICES, INC., and Does 1 – 50 are proceeding toward a Trustee's sale of the real property commonly known as 7452 Milwood Avenue, Los Angeles, CA 91303, the same property identified in Exhibit 1, ostensibly to collect the unpaid balance on the note secured by the security instrument that is identified in Exhibit 1.

6. Plaintiff is the owner in fee of the real property identified as 7452 Milwood Avenue, Los Angeles, CA 91303.

7. Upon information and belief, SAXON MORTGAGE SERVICES, INC. is not the holder of the note identified in the security instrument that is identified in Exhibit 1, is not in possession of the note properly endorsed to it, nor is it otherwise entitled by law in this State to initiate foreclosure under the security instrument identified in Exhibit 1.

///
///
///
///
///
///
///
///
///

-2-

**COMPLAINT**

Exhibit _1_, Pg. _7_

8.   SAXON MORTGAGE SERVICES, INC. has no present right to initiate foreclosure under the security instrument identified in the Notice of Sale attached as Exhibit 1, nor does it have the right to direct the T.D. SERVICING COMPANY to foreclose and sell the subject real property owned by Plaintiff. T.D. SERVICING COMPANY has been put on notice of Plaintiff's claim in this regard and demand has been made of T.D. SERVICING COMPANY to suspend any foreclosure sale unless and until it has obtained proof that SAXON MORTGAGE SERVICES, INC. actually has in its possession the original note properly endorsed to it or assigned to it as of a date preceding the notice of default recorded by T.D. SERVICING COMPANY. T.D. SERVICING COMPANY has failed and refused to suspend the sale of the property or to provide proof of the basis of the right of SAXON MORTGAGE SERVICES, INC. to initiate foreclosure under the security instrument referred to in Exhibit 1.

9.   Plaintiff alleges that the Defendants and each of them, in so acting in this case and with respect to many other mortgage or trust deed security instruments engage in a pattern and practice of utilizing the non-judicial foreclosure procedures of this State to foreclose on properties when they do not, in fact, have the right to do so, knowing that the property owners affected do not have the knowledge and means to contest the right of said Defendants to do so.

10.   Plaintiff, through Plaintiff's attorney demanded proof of the Defendants' and each of them of their right to proceed in foreclosure in writing.  No such proof or its equivalent has been offered.

11.   Plaintiff, through Plaintiff's attorney demanded further a detailed accounting of how the stated amount necessary to be paid to redeem the property from foreclosure has been calculated so that Plaintiff could adequately evaluate Plaintiffs rights under the law with Plaintiff's presale right of redemption. See Exhibit 2, incorporated herein by reference.  The response, if any, of Defendants, and each of them, has been so inadequate so as to prevent Plaintiffs from determining whether any or all of the charges included in their payoff demand were justified, appropriate and proper under the terms of obligation evidenced by the negotiable instrument secured by the security instrument identified in Exhibit 1.

12.   The real property owned by Plaintiff that is identified in Exhibit 1 is unique. Therefore, should Defendants, and each of them, not be enjoined, Plaintiff will suffer irreparable injury

-3-

**COMPLAINT**

Exhibit 1 , Pg. 8

for which there is no adequate remedy in law when Defendants proceed to sell the subject property at foreclosure sale.

13.    In all of the wrongful acts alleged in this complaint, the Defendants and each of them have utilized the United States mail in furtherance of their conspiracy to both unlawfully collect on negotiable instruments when they were not entitled under the law to do so, and, assuming *arguendo* that they do have the right to proceed to foreclose under the note, to profit from those actions in amounts greater than their rights under the note to do so.

14.    Defendants, and each of them, in committing the acts alleged in this and in other cases are engaging in a pattern of unlawful activity.

15.    As a result thereof, Plaintiff has been damaged in having to hire attorneys before bringing this action and to bring this action to enjoin the threatened non-judicial foreclosure of the subject real property, and has had to and will have to incur attorneys fees to stop the wrongful acts of the Defendants and each of them.  Plaintiff has been damaged in other ways that are not readily apparent at this time, but will amend this complaint to allege further damages as they are determined.

16.    In pursuing non-judicial foreclosure, Defendants and each of them represented that they had the right to payment under the note, payment of which was secured by the security instrument that is indentified in Exhibit 1 to this Complaint.

17.    The true facts were that they were not in possession of the note and either holders of the note or non-holders of the note entitled to payment, as those terms are used in the Uniform Commercial Code §§ 3-301, 3-309, and therefore they were proceeding to foreclose non-judicially without right under the law.  Further, they added costs and charges to the payoff amount of the note that were not justified and proper under the terms of the note or the law.

18.    The Defendants and each of them, misrepresented the facts intending to either force Plaintiff to pay large sums of money to Defendants and each of them to which they were not entitled under the law, or to abandon Plaintiffs property to foreclosure sale.

///
///

-4-

**COMPLAINT**

Exhibit 1 , Pg. 9

# FIRST CAUSE OF ACTION

## UNFAIR DEBT COLLECTION PRACTICES

19.    Plaintiff realleges paragraphs 1 – 18 as if fully set forth herein.

20.    Plaintiff is informed and believes and thereupon alleges that the Defendants and each of them, in the taking the actions aforementioned, have violated provisions of California's Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code § 1788 (e) and (f), and the Federal Fair Debt Collections Act, 15 U.S.C., Title 41, Subchap. V, §§ 1692 *et seq*, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617.

## SECOND CAUSE OF ACTION

## PREDATORY LENDING PRACTICES

21.    Plaintiff realleges paragraphs 1 – 20 as if fully set forth herein.

22.    Assuming *arguendo* that Defendant, SAXON MORTGAGE SERVICES, INC. does have the right under the law of negotiable instruments in this State, by endorsement, assignment, agency or otherwise, to receive payment under a valid note, payment of which is secured by the security instrument that is identified in Exhibit 1, and to initiate foreclosure under a power of sale contained therein, if any, then Defendant, SAXON MORTGAGE SERVICES, INC. is subject to defenses that would have been available against NEW CENTURY MORTGAGE CORPORATION, the initial Lender identified in the security instrument that is referred to in Exhibit 1.

23.    Plaintiff is informed and believes and thereupon alleges that NEW CENTURY MORTGAGE CORPORATION has engaged in deceptive practices with respect to Plaintiff in violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1637, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58, the specifics of which are unknown, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint when ascertained.

///

///

-5-

**COMPLAINT**

Exhibit *1*, Pg. *10*

24.     One or more of the predatory lending practices referred to in the previous paragraph permits, under the law, one or more defenses or remedies, the specifics of which will be alleged by amendment to this complaint when ascertained.

### THIRD CAUSE OF ACTION
### RICO VIOLATIONS

25.     Plaintiff realleges paragraphs 1 – 24 as if fully set forth hereat.

26.     In doing the aforesaid acts, Defendants and each of them were participating in and have participated in a scheme of racketeering as that term is defined in RICO, 18 U.S.C §§ 1961 *et seq.*

27.     Plaintiff is therefore entitled to the remedies available under RICO in civil actions.

WHEREFORE, Plaintiff prays that:

1.     Defendants, T.D. SERVICING COMPANY, SAXON MORTGAGE SERVICES, INC., and Does 1 - 50 and each of them, be prohibited from conducting any sale of the subject real property pending the outcome of this case;

2.     .   Defendants, T.D. SERVICING COMPANY, SAXON MORTGAGE SERVICES, INC., and Does 1 – 50, and each of them, be permanently enjoined from any and all attempts to foreclose on the subject real property unless and until it can present proof that it is entitled, under the law of negotiable instruments in force in Ca, to enforce the underlying promissory note described in the security instrument that is indentified in Exhibit 1;

3.     That Plaintiff be awarded monetary damages against the Defendants, T.D. SERVICING COMPANY, SAXON MORTGAGE SERVICES, INC., and each of them, jointly and severally, that Plaintiff incurred due to the need to bring this action for injunctive relief according to proof,

4.     That Plaintiff be awarded statutory damages for Unfair Debt Collection practices under the federal and California statutes;

5.     That attorneys fees be awarded Plaintiff as may be permitted by law;

6.     That Plaintiff be awarded treble damages as permitted by law,

7.     That prejudgment interest be awarded Plaintiff as permitted by law;

-6-

**COMPLAINT**

Exhibit _1_, Pg. _11_

8.      For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

Dated:  September 4, 2008

Homan Mobasser, Esq.
Attorney for Plaintiff

-7-

**COMPLAINT**

Exhibit _1_, Pg. _12_

Exhibit "1"

Exhibit _1_, Pg. _13_

RECORDING REQUESTED BY

T.D. SERVICE COMPANY

And when recorded mail to
T.D. SERVICE COMPANY
1820 E. FIRST ST., SUITE 210
P.O. BOX 11988
SANTA ANA , CA 92711-1988

——————————————————— Space above this line for recorder's use ———————————————————

## NOTICE OF TRUSTEE'S SALE

T.S. No: F359385 CA    Unit Code: F    Loan No: 2000231188/HERMOSILLO
Min No: 100488910096225718
AP #1: 2112-010-005

T.D. SERVICE COMPANY, as duly appointed Trustee under the following described Deed of Trust WILL
SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (in the forms which are lawful tender
in the United States) and/or the cashier's, certified or other checks specified in Civil Code Section 2924h
(payable in full at the time of sale to T.D. Service Company) all right, title and interest conveyed to and now
held by it under said Deed of Trust in the property hereinafter described:

Trustor: MARIO HERMOSILLO

Recorded September 5, 2006 as Instr. No. 06 1966429 in Book --- Page --- of Official Records in the office
of the Recorder of LOS ANGELES County; CALIFORNIA , pursuant to the Notice of Default and Election to
Sell thereunder recorded May 9, 2008 as Instr. No. 20080824952 in Book --- Page --- of Official Records in
the office of the Recorder of LOS ANGELES County CALIFORNIA.

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED AUGUST 29, 2006. UNLESS YOU TAKE
ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN
EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT
A LAWYER.

7452 MILWOOD AVENUE, LOS ANGELES, CA 91303
"(If a street address or common designation of property is shown above, no warranty is given as to its
completeness or correctness)."

Said Sale of property will be made in "as is" condition without covenant or warranty, express or implied,
regarding title possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said
Deed of Trust, with interest as in said note provided, advances, if any, under the terms of said Deed of Trust,
fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.

Said sale will be held on:
SEPTEMBER 2, 2008, AT 11:00 A.M. *AT THE WEST SIDE DOORS TO THE LOS ANGELES
COUNTY COURTS BUILDING, 12720 NORWALK BLVD, NORWALK, CA

At the time of the initial publication of this notice, the total amount of the unpaid balance of the obligation
secured by the above described Deed of Trust and estimated costs, expenses, and advances is $421,865.81 . It is
possible that at the time of sale the opening bid may be less than the total indebtedness due.

Exhibit _1_ , Pg. _H_

Page 2
T.S. No: F359385 CA     Unit Code: F     Loan No: 2000231188/HERMOSILLO

Date:  August 11, 2008

T.D. SERVICE COMPANY as said Trustee,

BY _____
SUSAN  EARNEST, ASSISTANT SECRETARY
T.D. SERVICE COMPANY
1820 E. FIRST ST., SUITE 210, P.O. BOX 11988
SANTA ANA,  CA 92711-1988
(714) 543-8372

We are assisting the Beneficiary to collect a debt and any information we obtain will be used for that purpose
whether received orally or in writing.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be
the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

If available, the expected opening bid and/or postponement information may be obtained by calling the
following telephone number(s) on the day before the sale: (714) 480-5690 or you may access sales information
at www.ascentex.com/websales.

Exhibit _1_, Pg. 15

Exhibit "2"

Exhibit _1_, Pg. _16_

# MW Roth, PLC

*A Professional Law Corporation*

13245 Riverside Drive, Ste. 320
Sherman Oaks, CA 91423

Office 818.989.7888

facsimile 323.372.3547
www.mwroth.com

Mitchell Roth
John Dale Kerr
Kristine Takvoryan
Catalina L. Manzano
Homan Mobasser
Edward Jacobs II

September 2, 2008

**By Facsimile Only to 714:541-3903**

Susan Earnest
Trustee Sale Officer
T.D. SERVICING COMPANY
1820 E. First Street, Suite 210
Santa Ana, CA 92711

> *Re: Trustee Sale No. F359385*
> Loan No.
> 2000231188Property Address: 7452 Milwood Avenue, Los Angeles, CA 91303
> Our File Number: 1017/716

Dear Susan Earnest:

**Read this letter carefully. Failing to take appropriate action may result in T.D. SERVICING COMPANY, and the persons or entities initiating the above referenced foreclosure sale, being named as a Defendant in a RICO[1] action. T.D. SERVICING COMPANY will not be able to avoid liability or the need to interpose a defense of such an action by a declaration of non-monetary interest.**

Let me explain.

I am the attorney for MARIO HERMOSILLO, the owner of the property. We have no information and documentation that the entity or person that initiated the foreclosure through your offices is entitled to do so.

---

[1] RICO is the acronym for the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 *et seq.* which, in part, states, "It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

Exhibit _1_, Pg. _17_

Susan Earnest
T.D. SERVICING COMPANY
September 2, 2008
Page 2

The right to foreclose by judicial or non-judicial action depends upon the right of the Beneficiary to payment under the note, and that depends upon the Beneficiary being able to document its full entitlement to do so under Article 3 of the California Commercial Code §§ 3301, 3309. The law is well settled. Enforcement of a note which is a negotiable instrument, by foreclosure or otherwise, requires that the party seeking payment be **in possession** of the **original** note.

California Law is well established that a deed of trust or mortgage by itself is ineffective to allow foreclosure. A promissory note is personal property and the deed of trust or mortgage securing a note is a mere incident of the debt it secures, with no separable ascertainable market value. Civ. Code §§ 657, 663. *Kirby v. Palos Verdes Escrow Co.* (1986) 183 Cal. App. 3d 57, 62. Likewise, transfers of the note and mortgage fundamentally flow back to the note. "The assignment of a mortgage without a valid transfer of the indebtedness confers no right, since debt and security are inseparable and the mortgage alone is not a subject of transfer." *Hyde v. Mangan* (1891) 88 Cal. 319; *Johnson v. Razy* (1919) 181 Cal. 342; *Bowman v. Sears* (1923) 63 CA 235; *Treat v. Burns* (1932) 216 Cal. 216.

The right, therefore, to foreclose by judicial or non-judicial action depends upon the right of the Beneficiary (the initiating party) to payment under the note, and that right depends upon the rights of the Beneficiary under Commercial Code §§ 3301, 3309, which govern the right to payment under a negotiable instrument.

The **enforceability of a negotiable instrument arises only from various attributes of possession** of the underlying instrument. Even where an instrument has been transferred, enforceability is still determined based upon **possession**. There are only three (3) instances, **all arising from possession**, which allow a person or entity to enforce a negotiable instrument.

California Commercial Code § 3301 limits instrument enforcement to the following:

"Person entitled to enforce" an instrument means (a) the **holder** of the instrument, (b) a **nonholder** in **possession** of the **instrument** who has the rights of a holder, or (c) a **person not in possession of the instrument** who is **entitled to enforce the instrument** pursuant to Section **3309** or subdivision (d) of Section **3418**. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument. (Emphasis added)"

The last sentence of 3301 explains why possession of the instrument is a necessary prerequisite to enforcement of the note. The Lender is the one that chooses to evidence the debt in the form of a negotiable instrument for purposes of liquidity. The Lender and those who would assert a right to payment of the debt can hardly be heard, therefore, to complain that the law requires the actual possession of the original note before being able to enforce the note. The attempt to enforce a note by those that are not

MW Roth, PLC

Exhibit _1_ , Pg. _18_

Susan Earnest
T.D. SERVICING COMPANY
September 2, 2008
Page 3

in actual possession of the instrument results in the unlawful collection a debt.

Any right to initiate foreclosure of the security interest created by the Trust Deed recorded on September 5, 2006 as Instrument No. 06 1966429 in the official records in the Office of the County Recorder for Los Angeles County depends upon the actual possession of the original note by the party initiating the foreclosure and for whose benefit it is being initiated. As a Trustee and a debt collector, you participate in collection at the risk that your principal may not, in fact, be in possession of the original note properly and timely endorsed or assigned to it. If your principal is not, and you, motivated by profit, proceed because of a lack of adequate due diligence under the assumption that it is entitled to payment under the note, and if we can show that this is a pattern of activity, you are, in our view, guilty of violating RICO and liable for treble damages and attorneys fees under RICO's provisions for a private (civil law) remedy.

An April 30, 2008 article in the Wall Street Journal reported only the latest example of the abuse by many substantial institutions in the mortgage industry. "The sanctions against Wells Fargo ($250,000) arose from the case of a homeowner who filed for bankruptcy protection in 2002. The company that handled her mortgage payments incorrectly characterized itself as the legal holder of the mortgage, which entitled it to seek relief as a creditor."

With the current state of the mortgage industry in general, and sub-prime loans like this one in particular, we know that loans have been packaged and securitized. Many of the originating lenders have gone out of business entirely and/or their portfolios have been purchased at fire sale prices. Many of the underlying original notes have been lost or misplaced and many foreclosures throughout the country are proceeding without the legal right that stems from the proper transfer of the debt, including the proper transfer of the original note.

This firm, and other consumer protection lawyers have been filing suit against those that would take unfair advantage of homeowners that are stressed and uninformed of the details and technicalities of the law by pursuing foreclosure without having possession of the original note, or by overcharging for costs of collection, or both.

If you proceed to foreclose without proper proof of entitlement, and the party for whom you are acting is not entitled to payment under the strict requirements of the Commercial Code, you are assisting in fraudulent activity. A claim of ignorance will not be an adequate defense. Therefore, you are best advised to insist upon proper proof before proceeding further. Besides RICO, you actions may prove to be a violation of federal and state laws collection laws, too.

According to my client, the initial lender and holder of the note was NEW CENTURY MORTGAGE CORPORATION. We have reason to expect that the note has been sold off and that it is no longer owned by NEW CENTURY MORTGAGE CORPORATION.

MW Roth, PLC

Exhibit _1_, Pg. _19_

Susan Earnest
T.D. SERVICING COMPANY
September 2, 2008
Page 4

Please confirm to me in writing the identity of the person or entity that initiated these foreclosure proceedings, including names and addresses, and indicate how that person or entity came to possess the right to payment under the note. Also, please confirm that this person or entity is in actual possession of the original note properly endorsed to it so that upon payment of the amount due under the note it can be properly surrendered. Again, enforcement of payment on a negotiable instrument through exercising rights under a security instrument requires, with very few exceptions, actual possession of the original note by the person entitled under the note to payment.

I suggest to you two options.

(1) Provide confirmation to me, on behalf of my client, that you are suspending the foreclosure process until you give me further notice of at least 21 days, or

(2) Produce to me proof that your customer is and was in actual possession of the original note properly endorsed or assigned to it prior to the recording of the notice default.

Failure to do one or the other will result in the filing of a lawsuit against T.D. SERVICING COMPANY and its customer pursuing an injunction, treble damages and attorneys fees, under RICO and under other available theories.

By proof I mean, at least, a declaration under penalty of perjury from a person in authority for the beneficial owner and holder of the note. The declaration must authenticate by attachment a true and correct copy of the original note and state that the original is in his or her possession. And, the declaration must attach any supporting documentation showing either the proper endorsement or written assignment of the note, or other documentation establishing the facts that are claimed to be the basis of the entity's claimed right to payment under the note.

**Please forward a copy of this letter to the person or entity that is directing you to proceed in this matter. If you are unwilling or unable to do so, please notify me immediately in writing with the necessary information so that I can attempt to do so myself. If you do not send me the necessary information about your customer in writing, I will take that as confirmation that you forwarded a copy of the letter.**

If you would prefer further communication on this matter to be directed to an attorney or legal department for your company, please let me know by return fax or e-mail, including the attorney's name, address and phone number.

MW Roth, PLC

Exhibit _1_, Pg. _20_

Susan Earnest
T.D. SERVICING COMPANY
September 2, 2008
Page 5


     Finally, let this letter serve as my client's demand under RESPA and other applicable laws for a detailed accounting of all charges which constitute the pay off demand for the note.

Yours very truly,

Homan Mobasser

MW Roth, PLC

Exhibit _1_, Pg. _21_

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV08- 6553 GW (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

**[X] Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

**[ ] Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

**[ ] Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>MARIO HERMOSILLO | **DEFENDANTS**<br>T.D. SERVICING COMPANY, SAXON MORTGAGE SERVICES, INC., and DOES 1-50, inclusive, |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Mitchell W. Roth, Esq.<br>M.W. ROTH, P.L.C.<br>13245 Riverside Drive, Suite 510<br>Sherman Oaks, California 91423<br>Tel: (818) 989-7888/Fax: (323) 372-3547 | Attorneys (If Known)<br>John M. Hochhausler, Esq.<br>Nina Huerta, Esq.<br>Amber L. Harley, Esq.<br>LOCKE LORD BISSELL & LIDDELL LLP<br>300 South Grand Avenue, Suite 2600<br>Los Angeles, California 90071<br>Tel: (213) 485-1500/Fax (213) 485-1200 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC §§ 1692 et al.; 12 USC §§ 2601-2617; 15 USC § 1637; 15 USC § 1601; 15 USC §§ 41-58; 18 USC §§ 1961 et al.;

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI(405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

FOR OFFICE USE ONLY

CV-71 (07/05)     CIVIL COVER SHEET     American LegalNet, Inc.    Page 1 of 2

CONFORM COPY CV08-06553

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Mario Hermosillo  (Los Angeles)

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

T.D. Servicing Company  (Orange)
Saxon Mortgage Services, Inc.  (Texas)

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Los Angeles

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date October 6, 2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.USCourtForms.com