# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-6553-GW(AGRx) | Date | November 17, 2008 |
| Title | *Mario Hermosillo v. T.D. Servicing Company, et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

None Present                              John M. Hochhausler

**PROCEEDINGS:** **DEFENDANT SAXON MORTGAGE SERVICES, INC.'S MOTION TO DISMISS (filed 10/14/08)**

Hearing is held. Counsel for the plaintiff is not present.

The tentative circulated is hereby adopted as the Court's final ruling (attached). Defendant Saxon Mortgage Services, Inc.'s Motion to Dismiss is **granted with leave to amend.** The First Amended Complaint will be filed by no later than December 1, 2008. Any dispositive motions will be filed and set for hearing on December 12, 2008 at 8:30 a.m.

The Scheduling Conference set for November 20, 2008 at 8:30 a.m. is **continued** to **January 22, 2009 at 8:30 a.m.**

IT IS SO ORDERED.

:     03

Initials of Preparer     JG

**<u>Hermosillo v. T.D. Servicing Company</u>**, Case No. CV 08-6553
Ruling on Motion to Dismiss

**I. Background**

  Plaintiff Mario Hermosillo ("Plaintiff") sued in state court defendants T.D. Servicing Company and Saxon Mortgage Services, Inc. ("Saxon"), in connection with a foreclosure sale of certain real property Plaintiff owns in Los Angeles. Plaintiff asserts that Saxon is not entitled to initiate foreclosure in connection with the property because it is not the holder of the note nor in possession of the note properly endorse to it. *See* Complaint ¶¶ 7-8. Plaintiff also alleges that both defendants are engaging in a pattern and practice of using non-judicial foreclosure procedures to foreclose on properties without having the right to do so. *See id.* ¶ 9. Plaintiff nominally asserts three claims for relief (unfair debt collection practices, predatory lending practices and RICO violations) which, at least as to the first two, set forth violations of multiple state and federal statutes.

  Defendant Saxon removed the case to federal court and now files a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and for failure to allege sufficient facts as to fraud under Fed. R. Civ. P. 9(b).

**II. Analysis**

  Under Rule 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The Court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).

1

Plaintiff's Complaint alleges violations of multiple statutes within each of the first two claims for relief and relies almost exclusively on conclusory allegations without any identification of which particular provisions of the statues in question were allegedly violated. Plaintiff also has not opposed the instant motion. The Court grants the motion to dismiss under *Bell Atlantic* and C.D. Cal. L.R. 7-12, but with leave to amend.

Plaintiff must file the amended complaint no later than December 1, 2008.

2