UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. | CV 08-6553-GW(AGRx) |
| Title | *Mario Hermosillo v. T.D. Servicing Company, et al.* |
| Date | February 2, 2009 |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

None Present                                            John M. Hochhausler
                                                                    Jade Chien

**PROCEEDINGS:**   DEFENDANT SAXON MORTGAGE SERVICES, INC.'S MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION OR REQUIRE A BOND (filed 12/29/08)

Hearing is held. Counsel for the plaintiff is not present. The tentative circulated is hereby adopted as the Court's final ruling (attached). Defendant Saxon Mortgage Services, Inc.'s Motion to Expunge Notice of Pendency of Action or Require a Bond is **granted.**

Counsel for defendant's may file a request for attorneys' fees.

IT IS SO ORDERED.

:     07

Initials of Preparer   JG

**Hermosillo v. T.D. Servicing Company, et al.**, Case No. CV 08-6553
Ruling on Motion to Expunge Lis Pendens

Defendant Saxon Mortgage Services, Inc. ("Defendant") moves to expunge the *lis pendens* filed in association with this case by plaintiff Mario Hermosillo ("Plaintiff"). Federal courts look to state law on whether the recording of a *lis pendens* provides constructive notice to interest parties of actions pending in the court that affect title to real property within the state. *See* 28 U.S.C. § 1964; *see also* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2007) § 13:17.10, at 13-9. On its face that statute says nothing about the method by which the court is to undertake expungement analysis. Nevertheless, several courts within the Ninth Circuit have used the California *lis pendens* statutes in analyzing expungement motions. *See, e.g., Maxwell v. Pendleton*, 2006 U.S. Dist. LEXIS 80268, *12-13 (E.D. Cal. Nov. 2, 2006); *Menjivar v. Trophy Props. IV DE, LLC*, 2006 U.S. Dist. LEXIS 76245, *69-75 (N.D. Cal. Oct. 10, 2006); *Dickey v. Auer*, 2006 U.S. Dist. LEXIS 31707, *9-10, 14-16 (E.D. Cal. May 19, 2006); *see also Daniels v. Universal Inv. Corp.*, 355 F. Supp. 693 (D.P.R. 1972) (holding that Puerto Rican *lis pendens* provision applied to federal court proceedings in considering motion to expunge *lis pendens*); *cf. Orange County v. Hongkong & Shanghai Banking Corp. Ltd.*, 52 F.3d 821, 823-24 (9th Cir. 1995) (concluding that district court's order expunging *lis pendens* under California law was not an appealable order).

Under CCP section 405.32, Plaintiff has the burden of demonstrating the probable validity of his "real property claim." *See Howard S. Wright Const. Co. v. Superior Court (BBIC Investors, LLC)*, 106 Cal. App. 4th 314, 319 (2003); *see also* Weil & Brown, California Practice Guide: Civil Procedure Before Trial (2007) § 9:430, at 9(I)-155 – 156. Thus, Plaintiff must show that it is more likely than not that he will obtain a judgment against Defendants on the real property claim. *See* CCP § 405.32; *id.* § 405.3; *Howard S. Wright*, 106 Cal. App. 4th at 319 & n.5. Plaintiff has not only failed to oppose this motion, but he has also suffered a dismissal with prejudice of this action on

1

December 19, 2008. There is thus no possibility of him establishing the probable validity of any real property claim. The Court **grants** the motion.[1]

In light of this recommendation, the Court need not consider Defendants' alternative request for an undertaking.

---

[1] Cal. Code. Civ. Proc. § 405.38 provides that: "The Court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." While the Court would be reluctant to award such fees against the party plaintiff in this action, it would consider such an award against that party's counsel. Although one California court rejected an attempt to recover fees from an attorney under the predecessor to section 405.38, *see Doyle v. Superior Court*, 226 Cal.App.3d 1355, 1358-60 (1991), that section says nothing, on its face, about who could be liable for such a fee award. *But see Hicks v. Feiock*, 485 U.S. 624, 630 n.3 (1988) ("[W]here an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.") (quoting *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 237-38 (1940)); *Chemstar, Inc. v. Liberty Mut. Ins. Co.*, 41 F.3d 429, 432 (9th Cir.) ("Although [state intermediate] appellate courts' decisions are persuasive precedent, the panel is not bound by them if it believes that the [state's highest] Court would decide otherwise."), *cert. denied*, 41 F.3d 429 (1994).